## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LOGI GUILLOT, ET AL.**                                          **CIVIL ACTION NO.**

**VERSUS**

                                                                 **20-406-JWD-EWD**

**DONNA PROTTI, ET AL.**

## NOTICE AND ORDER

Logi Guillot ("Guillot") and USAA General Indemnity Company ("USAA"), Guillot's vehicle liability insurer,[1] allege that on May 4, 2017, Guillot and Donna Protti ("Protti") were involved in a motor vehicle accident ("the Accident") in Assumption Parish, Louisiana.[2] Protti is alleged to have filed two suits against Guillot and USAA involving claims for damages arising from the Accident.[3] Guillot and USAA claim that they entered into a settlement with Protti for payment of $10,000 ("the Settlement Sum") in exchange for a full settlement of all of Protti's claims against them, but that there are numerous potential claimants who provided medical services to, or who made medical payments on behalf of, Protti, that may claim entitlement to some or all of the Settlement Sum in addition to Protti.[4]

On June 26, 2020, Guillot and USAA filed their Complaint in this Court asserting an interpleader action pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22 (the "Interpleader action") against the potential claimants; namely: Protti; Murphy Law Firm, L.L.C.; Humana Insurance Company; Ascension Open MRI, LLC; West Jefferson Holdings, LLC; Neuroscience and Pain Institute, L.L.C.; Folse Pharmacy, Inc.; Michel's Pharmacy, Inc.; West Jefferson MRI, LLC; PHC-Morgan City, L.P.; Teche Action Board, Inc.; New Orleans Headache and Neurology Clinic, Inc.; Southeast Neuroscience Center, L.L.C.; Thibodaux Regional Foundation; LA Pain Doctor, Inc.; and

---

[1] R. Doc. 1, ¶ 4.
[2] R. Doc. 1, ¶ 3.
[3] R. Doc. 1, ¶¶ 5, 9.
[4] R. Doc. 1, ¶¶ 6-8, 10-11.

Centers for Medicare & Medicaid Services.[5]  Guillot and USAA seek to deposit the Settlement Sum into the registry of the Court and have the potential claimants impleaded to prove their claims to the proceeds.  Guillot and USAA further request that the Court declare that they have no further liability or obligation under the insurance policy at issue or the settlement agreement with Protti.[6] However, as explained below, the Complaint is deficient in its allegations regarding the citizenship of the parties and thereby fails to adequately plead minimal diversity to establish the Court's jurisdiction over this Interpleader action.

Rule Interpleader

Rule 22(a)(1) of the Federal Rules of Civil Procedure provides: "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead…." Subject-matter jurisdiction in suits brought under Rule 22(1) is based on the general-federal-question and diversity-of-citizenship jurisdiction grants found in the United States Code."[7] The instant Interpleader action does not assert any federal causes of action or rights to relief arising under federal law, so federal question jurisdiction is not present. Further, it does not appear that subject matter jurisdiction exists based on diversity of citizenship because the amount in controversy requirement is not met on its face, as the amount of Guillot's and USAA's policy obligations has been expressly limited to $10,000 per their settlement with Protti.[8]

Statutory Interpleader

28 U.S.C. § 1335 provides, in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation…having in his or its custody or

---

[5] R. Doc. 1, ¶¶ 2, 6-8.

[6] R. Doc. 1, ¶¶ 11-12.

[7] *Hartford Life & Accident Ins. Co. v. Varnado*, No. 16-15-SDD-EWD, 2016 WL 9525709, at *2 (M.D. La. Apr. 20, 2016), *citing* Wright, Miller & Kane, 7 Fed.Prac. & Proc. Civ. § 1703 (3d ed)(citation omitted).

[8] R. Doc. 1, ¶¶ 10-12 and prayer for damages.  It is unclear if complete diversity of citizenship exists, as Guillot and USAA have failed to properly plead the citizenship of all of the entities named as claimants, which is discussed below. That said, many of the entities appear to be Louisiana citizens, and thus they are unlikely to be diverse from Guillot, who is properly pled to be a Louisiana citizen. R. Doc. 1, ¶ 1.

possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more,... if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property...; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court...conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

Unlike Rule Interpleader, Statutory Interpleader "confers jurisdiction over cases with 'minimal diversity,' that is, 'diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens,' and requires only a $500 amount in controversy."[9] 28 U.S.C. § 1335 thus provides for interpleader jurisdiction where only "minimal" diversity exists between the claimants, the amount in controversy exceeds $500, and the amount has been deposited in the registry of the Court. Accordingly, proper information regarding the citizenship of the parties and the amount in controversy is necessary to establish the Court's Statutory Interpleader jurisdiction. The Complaint affirmatively alleges that "the amount at issue exceeds $500.00" and further alleges that the Protti voluntarily settled all of her claims against Guillot and USAA for the Settlement Sum of $10,000, which they desire to deposit into the registry of the Court.[10] The Settlement Sum appears to meet the Statutory Interpleader amount in controversy requirement.

With respect to the Statutory Interpleader minimal diversity requirement, Guillot and USAA only properly allege the Louisiana citizenship of Guillot and Protti. The citizenship allegations as to USAA and the various claimant corporations, limited liability companies, and limited partnerships are deficient. For purposes of diversity, "A corporation is a citizen of its place of incorporation and

---

[9] *Hartford Life & Accident Ins. Co.,* 2016 WL 9525709, at *2, *citing Auto Parts Mfg. Mississippi Inc. v. King Const. of Houston, LLC,* 73 F.Supp.3d 680, n.2 (N.D. Miss. Mar. 3, 2014) *and see* 28 U.S.C. § 1335(a).
[10] R. Doc. 1, ¶¶ 10-13.

its principal place of business." 28 U.S.C. § 1332(c).[11]  Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation *and* the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c). It is insufficient to simply allege that a corporation "is domiciled in the State of Kentucky" or that a company is "a foreign insurance corporation"[12] as Guillot and USAA have done, without specifying both place of incorporation and principal place of business.  Furthermore, negative allegations of citizenship, *i.e*., "[USAA] is neither incorporated in, nor has its principal place of business, in the State of Louisiana,"[13] are also insufficient.[14]

Next, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[15]  Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.[16] Guillot and USAA have failed to identify any member of any of the limited liability companies that are potential claimants.[17]  Finally, the citizenship of a limited partnership is determined by the citizenship of its partners.[18]  Guillot and USAA have likewise failed to identify the partners of PHC-Morgan City, L.P.,

---

[11] *See Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

[12] R. Doc. 1, ¶ 1, ¶ 2(c).

[13] R. Doc. 1, ¶ 1.

[14] *See Lopez v. EAN Holdings, LLC,* No. 20-189-JWD-EWD, 2020 WL 1951644, at *2 (M.D. La. Apr. 22, 2020) ("The party asserting federal jurisdiction must 'distinctly and affirmatively' allege the citizenship of all parties, and 'allegations phrased in the negative are insufficient.'") *citing Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).

[15] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[16] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

[17] *See, e.g*., R. Doc. 1, ¶ 2(b), ¶ 2(d)-2(f).

[18] *Harvey*, 542 F.3d at 1079  ("The citizenship of a limited partnership is based upon the citizenship of each of its partners. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 1021-22, 108 L.Ed.2d 157 (1990).")

the only limited partnership named as a claimant.[19]  As a result of the pleading deficiencies outlined above, it is unclear if any of Protti's co-claimants are diverse from Protti (the only claimant for whom citizenship is properly alleged).[20]  In order to establish minimal diversity in a Statutory Interpleader action, Guillot and USAA must allege the citizenship of at least two claimants who are diverse.[21]

The Court *sua sponte* raises the issue of whether it may exercise jurisdiction under 28 U.S.C.§ 1335 in this matter, specifically, whether the minimal diversity requirement is met.[22]

Accordingly,

**IT IS ORDERED** that, **on or before July 10, 2020**, Logi Guillot and USAA General Indemnity Company shall file an Amended Complaint that contains all of their numbered allegations, as revised, supplemented, and/or amended, without reference to any other document in the record, that adequately alleges the citizenship of at least two claimants who are diverse from each other.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on June 30, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] R. Doc. 1, ¶ 2(j).
[20] From the Complaint, it does not appear that Guillot and USAA are claiming any entitlement to the Settlement Sum.
[21] *See Hartford Life & Accident Ins. Co.,* 2016 WL 9525709, at *2.
[22] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").